Petitioner's argument please again this case is set for 10 minutes per side if you can handle your initial argument in eight minutes and keep powder dry for two minutes for a bottle that will work best but as you saw I'm sort of a softy and if you needed an extra minute or two you you'll get that from me so why don't we thank you Mr. Stein may it please the court my name is Benjamin Stein and I represent the petitioner in this review of the denial of protection under the convention against torture remand is required here for two reasons because the BIA applied the incorrect standard of review and also because the agency's decision is not supported by substantial evidence if the court finds that the BIA applied the incorrect standard review and committed legal error it does not need to review whether the decision is supported by substantial evidence the BIA affirmed the IJ decision without providing its own reasoning and thus the court reviews the rationale of the immigration judge the IJ's entire rationale for finding that the petitioner would not suffer torture at the hands of his ex-partner and her family is found in one paragraph on page six of the IJ decision which is located at page 85 of the administrative record the IJ reasoned that the petitioner did not demonstrate a clear probability of the risk of torture for three reasons all of which are flawed the IJ reason that the petitioner's hometown of El Torero Michoacan is small and Mexico has a large population it is unclear whether this is relocation analysis assuming that it is the IJ fails to consider the evidence that due to the petitioner's debilitating medical conditions he cannot work or drive and would need to live in El Torero because his family's home is there and he has no family in any other part of Mexico the IJ's analysis of risk is thus tainted and insufficient to allow appellate review because we don't know how the IJ would have assessed the risk had he considered that the petitioner couldn't relocate outside of his village where he his and his family's lives have been threatened on multiple occasions so that's the first reason the second reason is that the IJ reason that the petitioner's father was not harmed during his last visit to Mexico when he was shot and threatened shot at and threatened by Ms. Blanco's family however a review of the transcript at 207 or administrative record at 207 to 209 reveals that the petitioner testified that his father did suffer harm but that the immigration judge focused only on physical harm and not mental harm but the IJ doesn't consider that the regulation the regulatory definition of torture includes intentional infliction of mental harm also the fact that the petitioner's father was shot shot at in 2006 and 2012 in his village the only time that the record reveals an immediate family member has returned to the village illustrates that the petitioner himself would be at grave risk of being killed if he's returned although the petitioner's father was able to escape the gunshots it is unlikely that the petitioner would be able to escape due to his medical conditions and the third reason given for for finding that there was insufficient risk of torture was that the last threat against the petitioner was a number of years ago of course this ignores the petitioner has been in the United States not in Mexico also the threats against the petitioner's father in Mexico should be construed as threats against the entire family petitioner and the most recent threat occurred on the last known visit by an immediate family member to Mexico in 2012 which was only two years before the merits is that clear from the record it actually seemed to me that there really was only one incident testified to in 2006 and you know at various points the IJ seems to get confused and thinks there's a 2012 incident but I wasn't sure there was testimony to back that up I think what my belief is that the Ministry of Agriculture 207 or 209 testifies to 2012 but I mean if we're unclear what the IJ thought were the facts and the remand is also the appropriate response and that's the issue with the case is that the court can't affirm the agency's decision based on this sparse inadequate risk analysis and then regarding and regarding acquiescence the agency has made no factual or lethal findings as to whether the Mexican government would acquiesce in the harm by Ms. Blanco and her family so with the flawed risk analysis of harm and zero findings on acquiescence remand is inevitable and on remand the immigration judge should make new findings of regarding the likelihood of harm that takes into account the inability to relocate that the petitioner faces from Ms. Blanco and her family and then also the IJ also has to make initial fact finding regarding acquiescence because without that you can't the agency is unable to determine whether the petitioner has met his legal burden of showing entitlement to protection under the convention against torture and it's the agency's obligation to provide a well-reasoned that demonstrates it considered all of the evidence and that allows the court to effectively conduct his judicial review and this decision does not and then so turning to the standard review question I mean the ultimate the ultimate conclusion of whether the petitioner has met his burden of showing that it is more likely than not that he would suffer torture in Mexico as that term is defined by the regulations that is a legal question and the BIA should have applied de novo review to that ultimate legal question and we know that the BIA did not apply we know that they applied the wrong standard review because they said so because the BIA said so I'm not sure I read that sentence the way you do because there are two sentences before it in the prior paragraph and the first one says well actually there's there's three sentences before and the first one says we find no legal error in the immigration judge's conclusion that respondent is not satisfied his burden of demonstrating that it would be more likely than not that he'd face torture upon removal to Mexico so that's the first the second is nor do we find clear error in the factual findings supporting that determination and then the third we concur with the immigration judge's conclusion that the evidence presented does not make a prima facie showing those all seem to be correct and to draw the correct distinction between the facts supporting which is reviewed for clear error and the other conclusions that are not and then the next sentence seems to then address the criticisms of the factual findings and say that well we could have weighed the evidence differently but under clear error we can't do that why would we read that as contradicting what was said about applying the correct legal standard well it's there is no mention of the word de novo in the decision but also so it says it could be the trier fact could have come could have weighed the evidence differently and come to a different conclusion right in the singular which means that they're taught the BIA is talking about the overall burden of proof in the case obviously in a cat case there's multiple factual findings and the BIA didn't say well we find no clear error in the various conclusions right it was talking about the ultimate burden in the case also finding no legal error is not the same thing as de novo review under de novo review the IJ the BIA exercises its independent authority and exercises its own independent judgment at like independent of the finding of the IJ and that just didn't happen um so I'll know for the questions I'll reserve the rest of my time for rebuttal. Mr. Stein I have one question just okay that's one of the points you made I think at some point in your argument you said that a threat against the father should be viewed as a threat against the whole family or at least a threat against petitioner wanted you to ask you to please elaborate on your your theory for why a threat against the father is a threat against petitioner but so with whatever your best case. So yeah I mean the reason that they threatened the reason that the Blanco and her family threatened the petitioner's father is because the petitioner had taken custody petitioner's family had taken custody of petitioner's daughter and that was the reason and also I mean so in the petitioner's father is a representative and he's the only one that's been back to Mexico it's fair to assume that the petitioner responds they will also be upset that the family has taken custody and harmed the petitioner and the petitioner's father in his um his declaration at 550 to 551 he says if my son returns something worse will happen to my son and that's a declaration you just referred to on 550 he says that it happened in 2006 the shooting incident that's what got me confused because Brandon Navas says at the hearing on 194 that it was 2012 and I couldn't seem to contradict the IJ found that there the IJ found that there were two separate incidents in 2006 father didn't say there were two he talks about one in 2006 you think he would have mentioned the year before when he wrote this in 2013. I mean there the court isn't here you know the court reviews the facts that the immigration judge found if the the court is considering you know concerns about the facts found by the immigration judge then it's appropriate as with this decision because it's just it's ineffective it does not allow for judicial review because it's so vague and the reasoning is so sparse uh recovers the rest of my time please okay we'll give you two minutes for rebuttal thank you may it please the court my name is Jonathan Robbins and I'm here on behalf of Merrick Garland the respondent in this matter uh good evening to all of you uh the issue before the court today is whether the record compels reversal of the agency's agency's denial of petitioner's application for protection under the regulations which implement the convention against torture now there are two things the petitioner had to demonstrate in order to establish eligibility for protection he has to show the what we call the likelihood prong that it would be more likely than not that he would face torture if returned to the country of removal and he has to also establish what we call the state action prom that the Mexican government would either consent or acquiesce to any torture in question and the immigration judge in this case reasonably explained the petitioner didn't do either of those things I would respectfully disagree with my colleague with the notion that the immigration judge's decision is limited to a single paragraph if you look actually two pages before that situation the immigration judge points out that the petitioner was asking him to infer that his former domestic partner and her family were involved with the drug cartels and the immigration judge specifically stated that although he recognized that that was the petitioner's opinion that that opinion was on speculation and was not persuasive the petitioner was asking for this inference to be made because his former domestic partner was at one point arrested on a drug possession charge in the United States and because her brother had been harmed or killed in Mexico but when the immigration judge asked the petitioner about why the brother had been harmed he admitted that he didn't actually know what the reason was it was for the standard of review because that sentence that he focuses on on the first page of the BIA's ruling certainly isn't well written I'll grant you that it might be a little bit muddled but understand this as I just explained there is a major factual dispute in this case right the immigration the petitioner is asking the immigration judge to infer that the family is involved with cartels and the immigration judge says I don't think the facts bear that out that is not a legal dispute it is a factual one and reviewed under the clear error standard overview so when the board says while the immigration judge could conceivably avoid the evidence and come to a different conclusion the clearly erroneous standard review precludes the board from reversing the trier of fact simply because it is convinced the case could have been decided differently the petitioner was asking the judge to make an inference and the immigration judge didn't think that that inference was supported by the record that is appropriately reviewed under the clear error standard of review and I would point out although it maybe is not the most articulate board decision it seems pretty clear from the decision that the board understood that it is supposed to bifurcate questions of fact from questions of law as your honor pointed out in the in the first paragraph it specifically says that they didn't find legal error in the immigration judge's conclusion but also said that it did not find clear error in the factual findings on the next page when it's talking about the when it's addressing the petitioner's argument in his brief it specifically says we do not find the respondents asserted disagreement or with or disapproval of the outcome of the immigration judge's decision sufficient to demonstrate that the ij either improperly evaluated or disregarded the facts and evidence presented or committed legal error so it's clear that the board is talking about both the facts and the legal conclusions and understands that bifurcation is appropriate but is there any indication here as there normally is and maybe it's just because this is we're the standard language has gotten better in these rulings there's no acknowledgement that application of law to fact and and discretionary issues are reviewed de novo that's kind of a standard thing you now see in the bia rules that that's true whether a standard is met is reviewed de novo and they say that and the words de novo don't appear here there's nothing about application of law to fact or any of that there's just factual finding legal question no acknowledgement that there's this kind of gray area in between well your honor respectfully when it comes to issues of predictive a cat implicates predictive findings of future fact and so there's a the whole body of case law back in 2008 the board issued precedential decisions where they tried to review and matter of asb the board was essentially responding to a criticism that had been levied against it that there was inconsistency in asylum and withholding of removal and cat cases because you had immigration judges all over the country and they would have different results on claims that looked very similar that sometimes had identical evidence like the same country conditions reports the same types of affidavits and claims and so the board tried to said it was going to review predictive findings of future fact de novo but the courts of appeals basically said that that permissible and that the board had to review predictive findings of future fact for clear error in fact i believe judge fletcher was on the panel and when the ninth circuit was one of the the courts that joined joined the course in that regard so in 2015 in a case called matter of zzo the board capitulated and said okay all the courts of appeals have said that we have to review findings of future predictive findings of future fact for clear error and that is exactly what the found that the that petitioner did not establish the requisite likelihood of harm if he was going to be returned to mexico because his claim was speculative in nature that is the finding regarding a predictive finding of future fact and this court's precedent and the board's precedent made clear that that is a finding reviewed under the clear error standard of review so there's really no reason why the board in this case would have specifically highlighted a de novo finding all the disputes in this case had to do with whether he an inference would be made with respect to the family being involved with cartels or whether the he was likely to face harm in the country um i mean there's also so the the issue of uh the petitioner established that the mexican government would would consent or acquiesce to torture and and i mean to put it bluntly i mean the petitioner has never indicate had any problems with the mexican government in the past uh there's no indication that the mexican government would in any way have any interest in him um his entire claim that the mexican government would be involved in his torture is almost entirely speculative and so for that reason again the likelihood of harm that we're assessing here that the immigration judge is required to assess it just simply isn't met and that is properly reviewed under the clear error standard of review um so uh i um i know that uh petitioner's brief is you know focuses on the issue of relocation i don't read the immigration judge's decision to have made a separate relocation finding i think the board the immigration judge was just noted in the fact that it wasn't likely that petitioner was going to be harmed it just pointed out that mexico is a very large country and you know when you read it in conjunction with the fact that the immigration judge is discussing the last threat was made several years ago uh the you're correct that the immigration judge did interpret the situation with the father as having occurred in 2012 and the affidavit does say 2006 but the immigration judge didn't take any issue with the credibility i mean it there does appear to be some confusion with the dates but there was only one incident that was testified to was the father and that was the incident when he the immigration judge found it was 2012 i agree that the affidavit seems to be not consistent with that but i'm not saying that to suggest there's any problem with credibility all i'm saying is that there were only two incidents the incidents with the domestic partner and the one incident where the father returned uh so uh but i don't read the decision he mentions that the mexico is a big country and that it has a big population and that this occurred in a very small village but i i didn't read that as saying that uh that he has an alternative that he can avoid uh torture by relocating i don't know and certainly the board didn't pick up on that particular uh finding so i don't know that that's necessarily before the court well the two findings that i think are plainly before the court are the uh proportions of the decision that i think the board's decision is upholding and to put it to put it fairly i mean this is not a very strong cat claim it is this is a very speculative claim i mean just to ask the immigration judge to speculate that the family is involved with cartels because of a drug possession charge in the united states and and an incident that occurred in mexico which he admits he doesn't know the reason for that is about as speculative as it gets and the they are not sufficient to meet the uh very heavy burden of the clear probability standard required for cat protection um if your honors have any further questions i'm happy to answer them at this time otherwise um i think uh the government would just submit on the briefs thank you mr romans i have no questions i don't see any from my colleagues so well thank you and we'll let mr stein give us his rebuttal please so regarding um whether the ij's rationale regarding possibly whether it's relocation or maybe it's not relocation we don't know uh that is before the court because the via affirmed the ij's decision without providing any rationale so i just rationale is before the court and the ninth circuit simply can't affirm on this bag rationale because we don't know what the ij was implying regarding the standard of review to me it appears that the that the bia applied de novo review to the ultimate legal issue in the case because it said um because it referred to one conclusion that the fact finder could conceivably have weighed the evidence differently and arrived to a different conclusion which is always referring to the ultimate legal conclusion in the case but again if we don't know what standard review the bia was applying that the demand is the appropriate um measure to ensure that the bia is applying the correct standard of review regarding the acquiescence finding because the immigration judges all the immigration judges findings are before the court um again the immigration judge does vaguely say that mr miss blanco's family is not connected to drug cartels but we don't know if the immigration judge incorporated incorporated that into his finding of the risk analysis because the immigration judge didn't say what's what's the issue that should have been reviewed de novo that you contend was not so in a cat case i think that there's factual findings but then whether all those factual findings are likelihood of harm um whether the acquiescence specific intent whether there's specific intent but then whether all of those factual findings amount to the legal definition torture and whether that satisfies the legal definition torture is a legal issue so the application of facts to law is a legal issue and so that the board was obligated to review the ultimate legal issue in the case of whether he's met his burden de novo and they didn't do that but he pointed out that the core issue is whether or not the future events would occur and he said that that's reviewed for clear error um whether yeah so in gara right the court held that what's likely to occur in the in the future is a factual issue but based on the immigration judge decision he says there is no clear probability of the risk of torture again he didn't say harm rising to the level of torture so we don't know if the immigration judge meant that there was not a sufficient risk of harm or if the immigration judge is saying as a legal matter i don't find harm acquiescence are rising to the level of like this immigration judge decision just and as it was because it was affirmed by the bia is just too vague and the rationale is too sparse to allow the ninth circuit to effectively review thank you mr son i think uh you are over your extended time so unless one of my robins for their excellent arguments and the uh random nava case shall be submitted
judges: FLETCHER, GOULD, COLLINS